IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

ALISON PAIGE HILL,

    Petitioner,

v.                                                  Case No. 1:19-cv-00190

M.E. REHERMAN, Warden,

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

    Pending before the court are Petitioner, Alison Paige Hill's ("Hill") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and Respondent's Motion to Dismiss Petition (ECF No. 11). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    At the time she filed the instant petition, Hill was incarcerated at the Federal Prison Camp at Alderson, West Virginia ("FPC Alderson"), serving a 108-month term of imprisonment imposed by the United States District Court for the Eastern District of North Carolina following her conviction on one count of conspiracy to distribute and to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See United States v. Hill*, No. 5:14-cr-79-4F.  (ECF No. 9, Ex. 1, Attach. A).  Hill received a two-level sentencing enhancement for possessing a firearm in relation to a drug

trafficking crime ("the firearm enhancement"). (ECF No. 9 at 1). The instant petition challenges Hill's ineligibility, pursuant to Federal Bureau of Prison's ("BOP") policy, for early release consideration under 18 U.S.C. § 3621(e), upon completion of the BOP's Residential Drug Abuse Treatment Program ("RDAP"), due to her having received the firearm enhancement. (ECF No. 1 at 2, 6). She claims that she was not convicted of a "crime of violence" and, thus, her sentencing enhancement should not have disqualified her from early release consideration, which she claims violates her due process rights. (*Id.* at 6-7). Hill declined to participate in RDAP because she would not have been eligible for early release had she completed the program. (ECF No. 9 at 2).

On October 22, 2019, Respondent filed a response to the petition asserting that early release determinations are discretionary and that the BOP did not abuse its discretion in disqualifying inmates, such as Hill, from early release for having firearms-related offense conduct. (ECF No. 9). Thereafter, Hill filed a reply brief reiterating her argument that she was convicted of a non-violent drug offense that should not have categorically disqualified her from consideration for early release. (ECF No. 10). Respondent has now filed a Motion to Dismiss Petition (ECF No. 11) asserting that Hill was released from BOP custody on October 8, 2020, and, thus, her request for relief can no longer be granted and her petition is moot.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be

"moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D. W. Va. 2007). As noted above, Hill has been released from BOP custody; thus, this federal court is no longer able to grant her requested relief.

Therefore, the undersigned proposes that the presiding District Judge **FIND** that Hill's § 2241 petition is now moot due to her release from BOP custody. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition (ECF No. 11), **DENY AS MOOT** Hill's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and

Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Hill at her last known address and to transmit a copy to counsel of record.

October 8, 2021

Dwane L. Tinsley
United States Magistrate Judge